

JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN ANTONIO CASTILLO, an individual,<br>Plaintiff,<br>v.<br>VERIZON COMMUNICATIONS, INC., et al.,<br>Defendants. | NO. CV 13-0630 FMO (VBKx)<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

**INTRODUCTION**

On December 20, 2012, plaintiff, Juan Antonio Castillo ("plaintiff"), filed a Complaint in Ventura County Superior Court ("the state court") against Verizon Communications, Inc., Verizon California, Inc., Verizon Corporate Services Group, Inc., and Does 1 to 25. (Docket No. 1, Defendants' Notice of Removal ("NOR"), Exh. A, Complaint ("Complaint")). Plaintiff's Complaint asserts two claims for relief under California law: (1) disability discrimination under the California Fair Employment and Housing Act, Gov't. Code § 12900, et seq. ("FEHA"); and (2) breach of implied covenant of good faith and fair dealing. (See, generally, Complaint). On January 29, 2013, Verizon California, Inc. and Verizon Corporate Services Group, Inc. ("defendants") removed the case to the court pursuant to 28 U.S.C. §§ 1331 and 1441. (NOR at 3-4). Defendants assert that the court has jurisdiction under § 301 of the Labor Management Relations Act ("LMRA"), which preempts plaintiff's state-law claims. (See NOR at 3-4).

**DISCUSSION**

I. STANDARD FOR PREEMPTION

Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). In determining the preemptive powers of § 301 where a collective bargaining agreement ("CBA") exists, the U.S. Supreme Court has held that "an application of state law is pre-empted by § 301 of the Labor Management Relations Act of 1947 only if such application requires the interpretation of a collective-bargaining agreement." Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S. 399, 413, 108 S. Ct. 1877, 1885 (1988). In Lingle, the Court held that § 301 did not preempt the state-law action because resolution of the claim did not require construing the CBA. Thus, § 301 does not preempt state law claims that "can be resolved without interpreting a CBA." Avalos v. Foster Poultry Farms, 798 F. Supp. 2d 1156, 1161 (E.D. Cal. 2011). "The bare fact that a [CBA] will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 690-91 (9th Cir. 2001), cert. denied, 534 U.S. 1078 (2002).

In order to determine whether § 301 preempts a state-law claim, the court must employ a two-step inquiry. See Avalos, 798 F.Supp.2d at 1161. The court must first consider "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, [and] not by a CBA." Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). "If the right exists solely as a result of the CBA, then the claim is preempted, and [the court's] analysis ends there." Id. If the claimed right exists independently of the CBA, the court must then consider whether the right is nevertheless "substantially dependent on analysis of a collective bargaining

agreement." Id. If the right is dependent, then the claim is preempted by § 301; if not, then the claim can proceed under state law. Id.

## II. DEFENDANTS HAVE NOT SHOWN THAT PLAINTIFF'S CLAIMS REQUIRE THE COURT TO INTERPRET THE CBA

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Avalos, 798 F. Supp. 2d at 1161. Defendants contend that plaintiff's second cause of action, based on breach of implied covenant of good faith and fair dealing, is "completely preempted and supplanted by Section 301 of the [LMRA]." (NOR at 3). According to defendants, the alleged breach arose from a CBA and, therefore, the LMRA preempts the state law claims. (NOR at 4).

Defendants' contentions are unpersuasive. As an initial matter, plaintiff's Complaint does not on its face rely upon the CBA. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is premised on defendants' allegedly discriminating against him because of his diabetes and/or he was perceived as disabled, which caused him to lose compensation and benefits. (Complaint at ¶ 43). Defendants fail to explain what language of the CBA requires the court's interpretation in order to resolve plaintiff's claims. The only reference defendants provide is that the CBA covers "rates of pay, wages, hours of employment, and other terms and conditions of employment." (NOR at 3-4). However, this is a straightforward, disability discrimination case and the damages available under both FEHA and the state tort claim will be essentially the same.

Defendant cannot rely on the CBA as a defense to a disability discrimination case nor can the CBA supplant the determination of whether defendants violated the FEHA. "[T]he mere fact that a broad contractual protection against discriminatory- or retaliatory[-] discharge may provide a remedy for conduct that coincidentally violates state-law does not make the existence or the contours of the state law violation dependent upon the terms of the private contract." Lingle, 486 U.S. at 412-13, 108 S.Ct. at 1885. Further, it's unlikely the court will have to consult the CBA to determine whether plaintiff was discriminated against because of his disability but, even it did, that would not be sufficient to justify removal. See Avalos, 798 F.Supp.2d at 1162-63 (holding that the

claim was best suited for state court because the question was not *how* overtime rates were calculated but whether the result of the calculation complied with California law) (emphasis in original). In short, “defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law[.]” Caterpillar, Inc. v. Williams, 482 U.S. 386, 399, 107 S.Ct. 2425, 2433 (1987) (emphasis omitted).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT this action shall be **remanded** to the Ventura County Superior Court.

Dated this 27 day of March, 2013.

/s/
Fernando M. Olguin
United States District Judge